IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    OLDE COUNTRY REPRODUCTIONS, INC.<br>    D/B/A PEWTAREX<br>    D/B/A RHINO FRAMES,<br>              Debtor in Possession<br><br>OLDE COUNTRY REPRODUCTIONS, INC.<br>D/B/A PEWTAREX<br>D/B/A RHINO FRAMES,<br>              Movant<br><br>vs.<br><br>MARGARET Z. SWARTZ, PEOPLESBANK, A CODORUS VALLEY COMPANY, CORPORATION SERVICE COMPANY, POWERUP LENDING GROUP, LTD., ACH CAPITAL, LLC, NEW ERA LENDING, LLC AND WORLD GLOBAL FINANCIAL,<br>              Respondents | Chapter 11<br><br>Case No. 1:16-bk-00536 |

DEBTOR IN POSSESSION'S MOTION
FOR APPROVAL OF SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS
FREE AND CLEAR OF LIENS, ENCUMBRANCES, CLAIMS AND OBLIGATIONS

COMES NOW, this 10th day of February, 2016, the Debtor in Possession, by its attorneys, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion for Approval of Sale of Substantially All of Debtor's Assets Free and Clear of Liens, Encumbrances, Claims and Obligations, averring that:

PARTIES

1. Movant is the Debtor in Possession, Olde Country Reproductions, Inc. (hereinafter "Debtor"), which is represented by CGA Law Firm, Lawrence V. Young, Esquire, 135 North George Street, York, Pennsylvania 17401. Debtor is filing a Chapter 11 voluntary petition contemporaneously with this Motion.

{01094802/1}

2. The first Respondent is Margaret Z. Swartz, an adult individual having an address of 777 Willowbrook Way, York, Pennsylvania 17403 (hereinafter "Swartz"). Swartz is represented by Barley Snyder, Alex E. Snyder, Esquire, 100 East Market Street, York, Pennsylvania 17401.

3. The second Respondent is PeoplesBank, A Codorus Valley Company, 105 Leaders Heights Road, P.O. Box 2887, York, Pennsylvania 17405 (hereinafter "PeoplesBank"). PeoplesBank is represented by in-house Counsel, Benjamin Riggs, Esquire, 105 Leaders Heights Road, York, Pennsylvania 17403.

4. The third Respondent is Corporation Service Company, P.O. Box 2576, Springfield, Illinois 62708 (hereinafter "CSC").

5. The fourth Respondent is PowerUp Lending Group, 111 Great Neck Road, Suite 218, Great Neck, New York 11021 (hereinafter "PowerUp"). PowerUp is represented by Stephen J. Czarnik, Esquire, 245 Park Avenue, 39th Floor, New York, New York 10167.

6. The fifth Respondent is ACH Capital, LLC, Agent for Capital Stack, LLC, 11 Broadway, Suite 814, New York, New York 10004 (hereinafter "ACH").

7. The sixth Respondent is New Era Lending, North Orange Street, Suite 762, Wilmington, Delaware 19801 (hereinafter "New Era").

8. The seventh Respondent is World Global Financial, 141 North East 3rd Avenue, Miami, Florida 33132 (hereinafter "WGF").

JURISDICTION AND VENUE

9. This Motion is filed pursuant to 11 U.S.C. § 363 in that the Debtor is seeking to sell assets free and clear of all liens and encumbrances.

10. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S.C. § 157(b)(2).

11. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

RELIEF SOUGHT

12. The Debtor has determined that if the within case were a Chapter 7 liquidation, there is no unsecured asset that would be available for the payment of a distribution to any administrative claimholder or unsecured creditor.

13. Debtor has received an offer from Precision Alumina, LLC, or its assigns (hereinafter "Buyer"), to purchase substantially all of the assets owned by the Debtor for the sum of $50,000 ("Purchase Price"). The assets to be purchased include, but are not limited to, plant equipment, supplies, inventory, furnishings, office equipment, brands and trademarks, intellectual property, all trade names including, but not limited to, "Pewtarex" and "Rhino Frames," customer lists, goodwill, rolling stock and chattel of the Debtor (hereinafter collectively, "the Assets"). A copy of a draft Asset Purchase Agreement is attached hereto and incorporated herein by reference as Exhibit "A."

14. The sale of Debtor's Assets specifically excludes the Debtor's Accounts Receivable.

15. All of the Assets proposed to be sold by Debtor to Buyer are subject the following liens and encumbrances:

    a. First lien in favor of Swartz in the approximate amount of $50,000;

{01094802/1}

Case 1:16-bk-00536-RNO    Doc 14    Filed 02/10/16    Entered 02/10/16 13:57:27    Desc
Main Document    Page 3 of 5

  b. Second lien in favor of PeoplesBank in the approximate amount of $150,000;

  c. Third lien in favor of CSC in an unknown amount;

  d. Fourth lien in favor of PowerUp in the approximate amount of $182,162;

  e. Fifth lien in favor of ACH in the approximate amount of $16,660;

  f. Sixth lien in favor of New Era in the approximate amount of $20,378; and

  g. Seventh lien in favor of WGF in the approximate amount of $16,385.

16. It is proposed that after payment in full of all administrative expenses, the sale shall be free and clear of all liens and encumbrances pursuant to 11 U.S.C. §363.

17. Those administrative expenses to first be paid shall include but not be limited to: Debtor's Counsel fees in the amount of $5,000.00 for the negotiation of a contract of sale, drafting the documents necessary to effectuate the sale and conducting closing, which funds will be held in escrow by Debtor's Counsel pending approval of Debtor's Counsel's fees by the Bankruptcy Court; any and all special charges and noticing fees due to the Bankruptcy Court and the Office of the United States Trustee; all other miscellaneous charges, notary charges, filing fees, etc., which would be necessary to pass good and marketable title of the Assets and to comply with the requirements of the contract of sale of Debtor's Assets.

18. Buyer intends to retain Lance Dunbar, who owns 20% of the shares of the Debtor corporation, as an employee. However, no terms of employment have been agreed upon as of the date of the filing of the within Motion. No other shareholder or investor in the Debtor corporation will be retained by or have any interest in the Buyer.

{01094802/1}

Case 1:16-bk-00536-RNO Doc 14 Filed 02/10/16 Entered 02/10/16 13:57:27 Desc
Main Document Page 4 of 5

19. None of the principals of Buyer are in any way related to any of the current shareholders, officers, principals or employees of any of the individuals involved in the Debtor corporation.

20. Debtor believes this sale of Assets to be in the best interest of all creditors, the Debtor's employees and all parties in interest.

21. This sale will provide no payment to general, unsecured creditors.

22. Debtor requests that a specific finding be made that Buyer is a "good faith" purchaser as that phrase is used in 11 U.S.C. §363(m).

23. Based upon all of the foregoing, the Debtor requests that the proposed sale be free and clear of all liens and encumbrances which otherwise attach to the assets being sold. After payment of administrative expenses in paragraph 11, any liens and encumbrances shall be paid from the sale proceeds in the order of their priority. Any liens or encumbrances not paid from the sale proceeds shall not attach to the assets, but shall create a deficiency claim for the unpaid amount.

WHEREFORE, the Debtor in Possession requests this Honorable Court enter an Order granting it authority to sell Assets pursuant to the terms set forth in the within Motion.

Respectfully submitted

CGA Law Firm

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for Debtor in Possession

{01094802/1}